UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BROWN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| JOHN P. CALAMOS, SR., Trustee of the Calamos Convertible Opportunities and Income Fund, WESTON W. MARSH, Trustee of the Calamos Convertible Opportunities and Income Fund, JOE F. HANAUER, former Trustee of the Calamos Convertible Opportunities and Income Fund, JOHN E. NEAL, Trustee of the Calamos Convertible Opportunities and Income Fund, WILLIAM R. RYBAK, Trustee of the Calamos Convertible Opportunities and Income Fund, STEPHEN B. TIMBERS, Trustee of the Calamos Convertible Opportunities and Income Fund, DAVID D. TRIPPLE, Trustee of the Calamos Convertible Opportunities and Income Fund, CALAMOS ADVISORS, LLC, an investment advisor and Delaware limited liability company, CALAMOS ASSET MANAGEMENT, INC, a Delaware corporation and publicly held holding company, CALAMOS CONVERTIBLE OPPORTUNITIES AND INCOME FUND, a Delaware statutory trust, and JOHN AND JANE DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 AND 1446 PURSUANT TO SECURITIES LITIGATION UNIFORM STANDARDS ACT |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p

and 78bb ("SLUSA"), and 28 U.S.C. §§ 1441 and 1446, defendants John P. Calamos, Sr.,

Weston W. Marsh, Joe F. Hanauer, John E. Neal, William R. Rybak, Stephen B. Timbers, David

D. Tripple, Calamos Advisors LLC, Calamos Asset Management, Inc. and Calamos Convertible

Opportunities and Income Fund ("Defendants"), by their respective attorneys, hereby give notice of the removal of this action to the United States District Court for the Northern District of Illinois.

As grounds for removal, Defendants state as follows:

1.    On July 15, 2010, plaintiff Christopher Brown filed an action in this Court against each of the Defendants herein, which was assigned United States District Court for the Northern District of Illinois Case No. 1:10-cv-4422. The Complaint in that action contained allegations substantively identical to, and pleaded the same claims as, the Complaint in the instant action. Case No. 1:10-cv-4422 was dismissed voluntarily by plaintiff on September 7, 2010.

2.    Plaintiff refiled his action in the Circuit Court of Cook County, Illinois, on September 13, 2010, where it was assigned Case No. 10 CH 39590. Counsel for the respective Defendants accepted service of the Complaint in the Cook County action on September 22, 2010. This Notice of Removal is filed within thirty days of such date, in accordance with 28 U.S.C. § 1446(b).

3.    The Complaint in this action alleges that plaintiff Christopher Brown owns common shares issued by defendant Calamos Convertible Opportunities and Income Fund (the "Fund"), a Delaware statutory trust and a closed-end investment company registered under the Investment Company Act of 1940, as amended (the "ICA"). (Compl. ¶¶ 5, 9) Defendant Calamos Advisors LLC is alleged to be the investment advisor to the Fund, and defendant Calamos Asset Management, Inc. is alleged to be a holding company affiliated with Calamos Advisors LLC. (Compl. ¶¶ 6C(i) and (j), 14) Defendants Weston Marsh, Joe Hanauer, John Neal, William Rybak, Stephen Timbers and David Tripple are current or former Trustees of the Fund. Defendant John Calamos, Sr. is a Trustee of the Fund, as well as an employee of what the

2

Complaint refers to as the "Calamos Sponsorship Group," *i.e.*, defendants Calamos Advisors, LLC, Calamos Asset Management Corporation, and unidentified affiliates of those companies. (Compl. ¶¶ 6, 14, 16)  The Complaint also purports to be brought against unknown defendants identified fictitiously as "John and Jane Does 1-100."

**Jurisdiction Pursuant to SLUSA**

4.        SLUSA permits the removal of, and precludes, actions meeting four conditions. SLUSA applies where: (1) the underlying suit is a "covered class action"; (2) the action is based upon state statutory or common law; (3) the action concerns a "covered security"; and (4) the case alleges "a[n] untrue statement or omission of a material fact in connection with the purchase or sale of a covered security," or that the defendant "used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b), (c); 15 U.S.C. § 78 bb(f)(1), (2).[1]

5.        Each of SLUSA's requirements for removal and preclusion is met in this case in that:

(a)        This case constitutes a "covered class action" within the meaning of 15 U.S.C. § 78 bb(f)(5)(B), in that the Complaint purports to seek damages on behalf of a putative class consisting of more than 50 persons (Compl ¶¶ 35-36, 46-47, 52-53, 60, Prayer for Relief ¶ F);

(b)        The Complaint purports to be based upon the statutory or common law of a state rather than upon federal law (Compl. ¶ 8);

(c)        The Complaint correctly admits (Compl. ¶ 8) that the claims purportedly asserted therein on behalf of owners of the Fund's common shares "concern covered securities" within

---

[1]        SLUSA added parallel provisions to the Securities Act of 1933 and the Securities Exchange Act of 1934.  For ease of reference, all further citations to SLUSA in this Notice of Removal will be to the provisions of SLUSA appearing in the 1934 Act.

the meaning of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(9)(A), which incorporates the definition of that term appearing in SLUSA, *i.e.*, "a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933 [15 U.S.C. § 77r(b)], at the time during which it is alleged that . . . [a] . . . misrepresentation, omission, or manipulative or deceptive conduct occurred . . . ." 15 U.S.C. § 78 bb(f)(5)(E). The common shares of the Fund are listed on the New York Stock Exchange and are securities issued by an investment company registered under the Investment Company Act of 1940, and therefore satisfy the standards of Section 18(b)(1), (2) of the Securities Act of 1933, 15 U.S.C. § 77r(b)(1), (2);

(d)     The Complaint alleges misrepresentations or omissions of material fact in connection with the purchase or sale of covered securities, *i.e.*, the common shares issued by the Fund. More specifically, the Complaint alleges, *inter alia*:

(i)     That the Fund filed reports with the Securities and Exchange Commission representing that the Fund's "primary investment objective is to provide total return through a combination of capital appreciation and current income" (Compl. ¶ 10);

(ii)     That "materials filed [by the Fund] with the Securities and Exchange Commission . . . or otherwise published to the investing public" described financial leverage as "a key piece of the return to the Fund's common shareholders" (Compl. ¶ 13);

(iii)     That to achieve financial leverage, the Fund issued auction market preferred shares ("AMPS," sometimes referred to in the Complaint as

"ARS"), which provided "quite favorable financing for the Fund's common shareholders" (Compl. ¶¶ 2, 12);

(iv)     That the Fund made public statements indicating that "the holders of its common stock could realize, as one of the significant benefits of this investment, leverage that would continue indefinitely, because . . . the term of the AMPS was perpetual" (Compl. ¶13);

(v)      That notwithstanding these alleged representations, the Defendants caused the AMPS to be redeemed by the Fund in order to provide liquidity to the holders of AMPS following the collapse of the auction market for AMPS in February 2008 and, ostensibly, to further the business objectives of the Calamos Sponsorship Group (Compl. ¶¶ 22, 25-27);

(vi)     That in order to fund redemption of the AMPS, the Individual Defendants caused the Fund to incur debt on terms "disadvantageous compared with the AMPS" (Compl. ¶¶ 30, 31);

(vii)    That redemption of the AMPS "materially alter[ed] the business model of the Fund, and significantly reduced the potential cash flow available for distribution to the common shareholders," thereby "defeat[ing] a significant feature of the investment rationale for the common shareholders" (Compl. ¶ 34(d)) and "eliminating one of the major benefits of the investment" in common shares, "as described in the Fund's statements to the SEC and the public" (Compl. ¶¶ 42, 45); and

(viii)    That as a consequence of the foregoing, the value of the Fund's common shares owned by members of the putative class assertedly has been reduced.  (Compl. ¶ 34(e))

6.      None of the exceptions to SLUSA preclusion are applicable in that:

(a)      this action was not brought as "an exclusively derivative action" within the meaning of 15 U.S.C. § 78bb(f)(5)(C);

(b)      without limitation, this is not an action based upon the statutory or common law of the state in which the Fund is organized involving:

(i)      the "purchase or sale of securities" by the issuer or an affiliate of the issuer "exclusively from or to holders of equity securities of the issuer," within the meaning of 15 U.S.C. § 78bb(f)(3)(A)(ii)(I), or

(ii)      any "recommendation, position, or other communication with respect to the sale of securities" made by or on behalf of the issuer or an affiliate of the issuer and concerning decisions of equity holders of such securities with respect to "voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights" 15 U.S.C. § 78bb(f)(3)(A)(ii)(II);

(c)      this is not an action brought by a State, a political subdivision thereof, or a State pension plan on its own behalf, or as a member of a class comprised solely of other States, political subdivisions, or State pension plans (15 U.S.C. § 78bb(f)(3)(B)); and

(d)      this is not an action that seeks to enforce a contractual agreement between an issuer and an indenture trustee (15 U.S.C. § 78bb(f)(3)(C)).

7.    Proper Venue.  The Northern District of Illinois, Eastern Division, is the federal district court for the district and division encompassing Cook County, Illinois, in which the action was brought, and removal to this Court therefore is proper pursuant to 28 U.S.C. § 1446(a).

8.    Consent to Removal.  All named defendants in this case have joined in this Notice of Removal.  For purposes of removal, defendants sued under fictitious names, such as defendants "John and Jane Does 1-100" in this action, are disregarded.  *See, e.g.*, *General Cas. Co. of Ill. v. Professional Mfrs. Representatives*, No. 08 C 6650, 2008 WL 4968847, *1 (N.D. Ill. Nov. 24, 2008).

9.    Pleadings and Process.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon the defendants in Circuit Court of Cook County, Illinois, Case No. 10 CH 39590, are appended as Exhibit A to this Notice of Removal.

10.   Filing and Notice.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County and served upon plaintiff's counsel of record.

Dated: October 13, 2010

Defendants Weston W. Marsh, Joe F. Hanauer, John E. Neal, William R. Rybak, Stephen B. Timbers, David D. Tripple, and Calamos Convertible and High Income Fund

By:  _____ /s/ John W. Rotunno _____
          John W. Rotunno
*One of their attorneys*

John W. Rotunno
Paul J. Walsen
Molly K. McGinley
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: 312.372.1121
Facsimile: 312.827.8000

7

Defendants John P. Calamos, Sr., Calamos
Advisors, LLC, and Calamos Asset
Management, Inc.

By:  /s/ Kevin B. Dreher
Kevin B. Dreher
*One of their attorneys*

Kevin B. Dreher
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
Telephone: 312.324.1000
Facsimile: 312.324.1001

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused true and correct copies of the foregoing Notice of Removal, including all attachments, to be served upon:

Carol V. Gilden
Cohen Milstein Sellers & Toll PLLC
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603

by messenger delivery, and upon:

Steven J. Toll
Joshua S. Devore
Joshua M. Kolsky
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

Lynn L. Sarko
Keller Rohrback, P.L.C.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101

Gary Gotto
James A. Bloom
Keller Rohrback, P.L.C.
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012

by placing such copies in properly addressed envelopes, with prepaid first-class postage affixed, and depositing said envelopes in the United States Mail chute located at 70 West Madison Street, Chicago, Illinois, all on October 13, 2010.


                                        /s/  John W. Rotunno
                                        John W. Rotunno