**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER BROWN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-cv-6558 |
| v. | ) ) | Judge Elaine E. Bucklo |
| JOHN P. CALAMOS, SR., Trustee of the Calamos Convertible Opportunities and Income Fund, et al. | ) ) ) ) | Magistrate Judge Sheila M. Finnegan |
| Defendants. | ) ) | |

## DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT

Defendants Weston W. Marsh, Joe F. Hanauer, John E. Neal, William R. Rybak, Stephen B. Timbers, David D. Tripple (collectively, the "Independent "Trustees") and Calamos Convertible Opportunities and Income Fund (together with the Independent Trustees, the "Fund Defendants"), by their attorneys, and defendants John P. Calamos, Sr., Calamos Advisors LLC, and Calamos Asset Management, Inc. (collectively, the "Calamos Defendants"), by their attorneys, respectfully move the Court to dismiss the Complaint of Plaintiff Christopher Brown on the ground that it is precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p and § 78bb, and therefore must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Alternatively, with respect to any claims that the Court may find are not precluded by SLUSA: (i) the Fund Defendants and the Calamos Defendants move to dismiss any claims derivative in nature pursuant to Rule 12(b)(6) and Rule 23.1 of the Federal Rules of Civil

Procedure for failure to allege demand on the Board of Trustees of the Fund, or to state with particularity the reasons Plaintiff should be excused from making demand; (ii) the Independent Trustees and John P. Calamos, Sr. (collectively, the "Individual Defendants") move to dismiss Count I of the Complaint pursuant to Rule 12(b)(6) on the ground that, as a matter of law, the Individual Defendants do not owe the duties alleged in Count I or, if they do owe such duties, the facts alleged fail to state a claim for breach thereof; and (iii) Calamos Convertible Opportunities and Income Fund (the "Fund"), Calamos Advisors LLC and Calamos Asset Management move to dismiss Counts II and III of the Complaint pursuant to Rule 12(b)(6) for failure to state claims upon which relief can be granted against them.

In support of their Joint Motion, the Defendants state as follows:

1.      On July 15, 2010, the Plaintiff in this action, Christopher Brown, filed a putative class action in this Court, which was assigned Case No. 10-cv-4422.  The Complaint in that action named as defendants each of the Defendants in the instant case, contained allegations substantively identical to the Complaint in the instant action, and pleaded the same claims as the Complaint in the instant action.  Case No. 10-cv-4422 was dismissed voluntarily by Plaintiff on September 7, 2010.

2.      Plaintiff refiled his action in the Circuit Court of Cook County, Illinois, on September 13, 2010.  On October 13, 2010, Defendants timely removed that action to this Court pursuant to SLUSA.

3.      The Complaint in this action is pleaded in three counts.  Count I of the Complaint purports to assert a claim against the Individual Defendants, each of whom is a Trustee of the Fund, for alleged breach of fiduciary duty.  Count II of the Complaint purports to assert a claim against the Fund, Calamos Advisers, LLC and Calamos Asset Management for aiding and

abetting the asserted breach of fiduciary duty alleged in Count I. Finally, Count III of the Complaint purports to assert a claim against the Fund, Calamos Advisors LLC and Calamos Asset Management, Inc. for unjust enrichment.

4. The Complaint fails to state a claim upon which relief can be granted against any of the Defendants, and should be dismissed as to each Defendant, in that the claims asserted in the Complaint are precluded by SLUSA. SLUSA precludes actions meeting the following four conditions: (1) the underlying suit is a "covered class action"; (2) the action is based upon state statutory or common law; (3) the action concerns a "covered security"; and (4) the case alleges "a[n] untrue statement or omission of a material fact in connection with the purchase or sale of a covered security," or that the defendant "used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b), (c); 15 U.S.C. § 78 bb(f)(1), (2). Each of the requirements for preclusion under SLUSA is met in this case.

5. In the alternative, with respect to any claims that the Court may find are not precluded by SLUSA and which are derivative in nature, such claims fail to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) and Rule 23.1 of the Federal Rules of Civil Procedure for failure to allege demand on the Board of Trustees of the Fund, or to state with particularity the reasons Plaintiff should be excused from making demand.

6. In the alternative, with respect to any claims that the Court may find are not precluded by SLUSA,

(a) Count I of the Complaint fails to state a claim upon which relief can be granted against the Individual Defendants and should be dismissed pursuant to Rule 12(b)(6) in that, as a matter of law, the Individual Defendants do not owe the duties

alleged in Count I or, if they do owe such duties, the facts alleged fail to state a claim for breach;

(b)    Count II of the Complaint fails to state a claim upon which relief can be granted against the Fund, Calamos Advisors LLC and/or Calamos Asset Management, Inc. and should be dismissed pursuant to Rule 12(b)(6) in that (i) the Complaint fails to plead a claim for breach of fiduciary duty by the Individual Defendants, upon which the claim asserted in Count II is predicated, and (ii) the Complaint fails to adequately allege that the Fund, Calamos Advisors LLC and/or Calamos Asset Management, Inc. aided and abetted a breach of fiduciary duty;

(c)    Count III of the Complaint fails to state a claim upon which relief can be granted against the Fund, Calamos Advisors LLC and/or Calamos Asset Management, Inc. and should be dismissed pursuant to Rule 12(b)(6) in that the Complaint fails to allege facts necessary to plead a cause of action for unjust enrichment.

7.    In further support of their Motion, the Defendants respectfully refer the Court to the following memoranda submitted herewith:

(a)    Defendants' proposed Omnibus Memorandum in Support of Defendants' Joint Motion to Dismiss the Complaint, addressing grounds for dismissal pursuant to SLUSA, which is oversize and is the subject of a motion for leave to file *instanter*;

(b)    The Fund Defendants' Supplemental Memorandum in Support of Joint Motion to Dismiss the Complaint, which addresses the grounds, in the alternative to SLUSA, for the dismissal of all claims in the Complaint against the Fund Defendants; and

(c)     The Calamos Defendants' Supplemental Memorandum in Support of Joint

Motion to Dismiss the Complaint, which addresses the grounds, in the alternative to

SLUSA, for the dismissal of the Complaint as to those Defendants.

WHEREFORE, for the reasons stated herein and in the aforementioned proposed

Omnibus and Supplemental Memoranda, Defendants respectfully request that the Court dismiss

the Complaint of Plaintiff Christopher Brown with prejudice, and that the Court grant

Defendants their costs of suit and such other relief as the Court deems just and proper.


Dated: November 4, 2010

Defendants Weston W. Marsh, Joe F.
Hanauer, John E. Neal, William R. Rybak,
Stephen B. Timbers, David D. Tripple, and
Calamos Convertible Opportunities and
Income Fund

By: _____/s/ John W. Rotunno_____
*One of their attorneys*

John W. Rotunno
Paul J. Walsen
Molly K. McGinley
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: 312.372.1121
Facsimile: 312.827.8000


Defendants John P. Calamos, Sr., Calamos
Advisors, LLC, and Calamos Asset
Management, Inc.

By: _____/s/ Kevin B. Dreher_____
*One of their attorneys*

Kevin B. Dreher
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
Telephone: 312.324.1000
Facsimile: 312.324.1001

Christian J. Mixter (*pro hac vice* motion pending)
Patrick D. Conner (*pro hac vice* motion pending)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: 202.739.3000
Facsimile: 202.739.3001

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that he caused the foregoing *Defendants' Joint Motion to Dismiss the Complaint* to be served automatically via CM/ECF to the following counsel of record:

Carol V. Gilden
Cohen Milstein Sellers & Toll PLLC
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603

Steven J. Toll
Joshua S. Devore
Joshua M. Kolsky
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

Lynn L. Sarko
Keller Rohrback, P.L.C.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101

Gary Gotto
James A. Bloom
Keller Rohrback, P.L.C.
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012

/s/  John W. Rotunno
John W. Rotunno