IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BROWN, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10 C 6558 |
| JOHN P. CALAMOS, SR. Trusted of the Calamos Convertible Opportunities and Income Fund, WESTON W. MARSH, Trustee of the Calamos Convertible Opportunities and Income Fund, JOE F. HANAUER, former Trustee of the Calamos Convertible Opportunities and Income Fund, JOHN E. NEAL, Trustee of the Calamos Convertible Opportunities and Income Fund, WILLIAM R. RYBAK, Trustee of the Calamos Convertible Opportunities and Income Fund, STEPHEN B. TIMBERS, Trustee of the Calamos Convertible Opportunities and Income Fund, DAVID D. TRIPPLE, Trustee of the Calamos Convertible Opportunities and Income Fund, CALAMOS ADVISORS, LLC, an investment advisor and Delaware Limited Liability company, CALAMOS ASSET MANAGEMENT, INC., a Delaware corporation and publicly-held holding company, CALAMOS CONVERTIBLE OPPORTUNITIES AND INCOME FUND, a Delaware statutory trust, and JOHN AND JANE DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Brown filed this action in Cook

County Circuit Court on behalf of a class comprised of

1

common shareholders of the Calamos Convertible Opportunities and Income Fund (the "Fund"). The complaint alleges that defendants breached their fiduciary duty to the Fund's common shareholders, and were unjustly enriched, by causing the Fund to redeem certain preferred shares in a manner that unfairly benefited the preferred shareholders at the expense of the common shareholders. Defendants removed the case to this court, then moved to dismiss, arguing that the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p and 78bb ("SLUSA"), permits the removal of, and precludes, plaintiff's claim.[1] Plaintiff disputes the applicability of SLUSA and has moved to remand to state court. For the reasons that follow, I deny plaintiff's motion for remand and grant defendants' motion to dismiss.

I.

The basic story plaintiff tells is this: the Fund is an investment company that issued both common shares and auction market preferred shares ("AMPS"). AMPS provided certain advantages not only to the holders of those shares,

---

[1] In addition to an "omnibus" motion based on SLUSA in which all defendants join, certain defendants have asserted additional bases for dismissal in separate motions. Because I agree that dismissal based on SLUSA is warranted, I need not address the issues presented in the remaining motions to dismiss.

but also to the holders of common shares. The complaint explains that the AMPS "represented quite favorable financing for the Fund's common shareholders," because, among other reasons, the AMPS "had no maturity and did not ever have to be repaid." Compl. at ¶ 2. Indeed, plaintiff alleges that the Fund stated publicly that "a key piece of the return to the Fund's common shareholders was financial leverage," and that one of the "significant benefits" of investing in the Fund was "leverage that would continue indefinitely, because...the term of the AMPS was perpetual." Id. at ¶ 13.

Notwithstanding these representations, defendants caused the Fund to redeem all of the outstanding AMPS between June of 2008 and August of 2009, and to replace them with financing that was less advantageous for common shareholders. Compl. at ¶ 25. The complaint alleges that the Fund had no valid business reason to redeem the AMPS. Id. After the financial meltdown of 2008, however, which caused the auction mechanism that had previously provided liquidity to the AMPS to fail, defendants decided to redeem the AMPS "to provide liquidity to the holders of the AMPS and...to placate their investment banks and brokers." Id. at ¶ 27. Plaintiff explains that the investment banks and brokers who had sold the AMPS to investors were "a key

3

part" of a business model from which defendants reaped significant economic benefits. *Id.* at ¶¶ 27, 14-19. Accordingly, defendants had an economic interest in maintaining their relationships with these banks and brokers, which they did at the expense of, and in violation of their fiduciary duties to, the common shareholders. *Id.* at 27.

## II.

Congress enacted SLUSA to remediate an "unintended consequence" of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which was a spike in previously rare state-court litigation of class actions involving nationally traded securities. *Merrill Lynch, Pierce, Fenner & Smith Inc., v. Dabit*, 547 U.S. 71, 82 (2006). The goal of the PSLRA was to curb nuisance suits and other perceived abuses of securities class actions. *Id.* at 81-82. But rather than stem the tide of such suits, the PSLRA prompted some plaintiffs (or rather their lawyers) to avoid the PSLRA's stringent pleading requirements and other provisions designed to ward off meritless suits by simply reformulating their claims as state law causes of action and bringing them in state courts. *Id.* To prevent private plaintiffs from frustrating the objectives of the PSLRA in this way, Congress enacted SLUSA, which provides:

4

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging-

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security

15 U.S.C. § 77p(b).

SLUSA thus precludes any suit that: 1) is a "covered class action" (i.e., an action seeking damages on behalf of more than fifty people); 2) is based on state law; 3) alleges a misrepresentation or omission of a material fact, or the use of any manipulative or deceptive device or contrivance; 4) in connection with the purchase or sale of a covered security. *Rabin v. JPMorgan Chase Bank, N.A.*, 06 C 5452, 2007 WL 2295795 at *5 (N.D. Ill. 2007) (Hibbler, J.).

"Consistent with Congress's intent, courts construe SLUSA's 'expansive language broadly' to prevent frustration of the PSLRA's objectives." *Daniels v. Morgan Asset Management, Inc.*, ---F. Supp. 2d---, 2010 WL 4024604 at *5 (W.D. Tenn. Sept 30, 2010) (quoting *Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305 (6th Cir. 2009)). In particular, the Supreme Court held in *Dabit* that the "in connection

with the purchase or sale of securities" requirement should be construed broadly to preclude suits by holders of securities, not just purchasers and sellers. 547 U.S. at 86-87.

### III.

Plaintiff does not dispute that this is a "covered class action," that it is based on state law, or that the securities in question are "covered securities." He argues, however, that the complaint does not allege any misrepresentation in connection with the purchase or sale of a security. Defendants insist that, to the contrary, alleged misrepresentations are at the heart of plaintiff's claims.

Defendants argue that the "overarching theme" of the complaint is that defendants misled common shareholders by portraying the financing provided by AMPS as a significant benefit that they would enjoy "indefinitely," but later redeemed the AMPS in favor of less favorable financing. Defendants liken this case to numerous others in which courts have dismissed claims that they concluded amounted to "a securities fraud wolf dressed up in a [state law] sheep's clothing." *See*, e.g., *Daniels*, 2010 WL 4024604 at *9 (dismissing breach of contract and breach of fiduciary duties claims); *Kurz v. Fidelity Management & Research Co.*,

6

No. 07-cv-709-JPG, 2008 WL 2397582 (S.D. Ill. June 10, 2008) (dismissing breach of contract claim), *aff'd*, 556 F.3d 639 (7th Cir. 2009)); *Kutten v. Bank of America*, N.A., No. 06-0937 (PAM), 2007 WL 2485001 at *6 (E.D. Mo. Aug, 29, 2007) (dismissing breach of fiduciary duty claims), *aff'd*, 530 F.3d 669 (8th Cir. 2008); *Felton v. Morgan Stanley Dean Witter & Co.*, 429 F. Supp. 2d 684, 693 (S.D.N.Y 2006) (dismissing breach of contract claim).

Plaintiff disputes that the complaint alleges any misrepresentation or omission by defendants and points to the allegation that expressly states, "[p]laintiff does not assert by this action any claim arising from a misstatement or omission in connection with the purchase or sale of a security, nor does Plaintiff allege that Defendants engaged in fraud in connection with the purchase or sale of a security." Compl. At ¶ 4. Of course, this type of disclaimer is of little moment, since whether SLUSA applies turns on "the substance rather than the form of a claim." *Kurz* 2008 WL 2397582 at *3 (S.D. Ill. June 10, 2008) (citing, *inter alia*, *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 34 (2d Cir. 2005) and *Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 702 (5th Cir. 2004)); *see also Kutten*, 2007 WL 2485001 at *4 ("[e]ven where plaintiffs attempt to conceal claims based on the

misrepresentation or omission of material facts with state law labels, courts disregard such labels and dismiss the claims as preempted by SLUSA"). Accordingly, regardless of how a plaintiff characterizes his or her claims, if they include the "covered concepts" of misrepresentations or material omissions, they must be dismissed. *Daniels*, 2010 WL 4024604 at *7 (citations omitted).

Here, plaintiff's claims plainly include the "covered concepts," alleging both misrepresentations (that the AMPS were "perpetual") and omissions (defendants' undisclosed conflict of interest). Plaintiff's argument that he does not allege misrepresentations because defendants' alleged statements characterizing the AMPS as "perpetual" and "indefinite" were "true when they were made" is unavailing. Even if I accept plaintiff's cleverly wrought argument that these statements can be considered to have been "true" in some fleeting sense, there is no question that by the time plaintiff's claim accrued, any "truth" the statements may once have had had plainly evaporated. In fact, had the alleged statements about the "perpetual" nature of the AMPS been true in any meaningful sense, plaintiff presumably would have no claim at all, since the AMPS would never have been redeemed in the first place. Simply put, the alleged

misstatements are at the heart of plaintiff's claims, which thus fall squarely within SLUSA's broad sweep.

Plaintiff's further allegations that undisclosed conflicts of interest drove defendants' decision to redeem the AMPS reinforces this conclusion. *See Felton v. Morgan Stanley Dean Witter & Co.*, 429, F. Supp. 2d 684, 693 (S.D.N.Y. 2006) (securities broker's undisclosed conflict of interest was "a quintessential example of a fraudulent omission of a material fact under the federal securities laws."); *Daniels*, 2010 WL at *13 (barring state law claims under SLUSA where undisclosed conflicts of interests allegedly caused the plaintiff's injury).

Plaintiff's argument that the alleged misrepresentations and omissions are merely background facts, rather than the basis for his claim, is similarly unavailing. SLUSA preemption "does not turn on whether allegations are characterized as facts or as essential legal elements of a claim, but rather on whether the SLUSA prerequisites are 'alleged' in one form or another." *Rowinski v. Salomon Smith Barney Inc.,* 398 F.3d 294, 300 (3rd Cir. 2005). And his argument that the alleged misrepresentations are not "in connection with the purchase or sale" of plaintiff's securities is without merit in view

of the Supreme Court's broad construction of this phrase in *Dabit*. 547 U.S. at 86-87.

Most telling of all, perhaps, is the striking absence of *any* authority in which claims such as those plaintiff asserts were allowed to proceed under state law. Indeed, plaintiff's eight page memorandum in support of its motion for remand cites not a single case from any court.

IV.

For the foregoing reasons, I conclude that this action is barred by SLUSA. Plaintiff's motion to remand is denied. Defendants' omnibus motion to dismiss is granted. All other motions are denied as moot.

**ENTER ORDER:**

_____
     **Elaine E. Bucklo**
United States District Judge

Dated: March 14, 2011